IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LOGAN ICENOGLE and
JESSICA ICENOGLE                                                                    PLAINTIFFS


          v.                                      CIVIL NO. 21-5074


A & K MINI STORAGE, LLC
And CHARLOTTE MONTGOMERY                                             DEFENDANTS


## ORDER OF APPROVAL AND DISMISSAL

The parties herein participated in a settlement conference with the undersigned on July 22,

2022, resolving their claims with one another. (ECF No. 20).  As part of the settlement, the parties

consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) (ECF No. 21) and the matter

was reassigned. On August 29, 2022, the parties fully executed a Settlement Agreement and

Release and provided it to the undersigned for *in camera* review and for approval.

Plaintiffs Logan and Jessica Icenogle alleged their employer, A&K Mini Storage, LLC,

and Charlotte Montgomery, as the operating employer, failed to pay them the statutory minimum

hourly and overtime wage for all hours worked; in so alleging, Plaintiffs contend that no exemption

applies and that nevertheless, they were not paid the minimum salary to satisfy any exemption.

Plaintiffs say Defendant violated both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

*et seq*., and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq*. (ECF No. 2).

Defendants denied that either Plaintiff is owed any unpaid earned minimum and overtime wages.

(ECF No. 11).

Before approving an FLSA settlement agreement, a court must determine that "the

litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all

1

parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at \*2 (E.D. Mo. Nov. 18, 2015) (cleaned up). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC,* 2015 WL 631253, at \*2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

Having presided over the settlement conference and familiarized itself with both the pleadings and the arguments of counsel, the Court is persuaded that bona fide disputes existed in this case. The parties fundamentally disagreed on the central issue of Plaintiffs' entitlement to minimum and overtime wages and related rent credits as well as Defendants' assertion of an FLSA exemption. The Court is also satisfied that the Plaintiffs' individual settlements are fair and reasonable, as is the method for paying Plaintiffs their individual sums. All parties were represented by counsel, and counsel achieved a sizeable settlement based on the merits of Plaintiffs' FLSA claims while considering the strengths of the defense, and the reality of the costs and risks of continuing litigation through trial. Having reviewed the terms of the Settlement Agreement and Release, the Court is convinced the settlement is the result of arms' length negotiations, and the total amount recovered for the Plaintiffs represents a reasonable and not *de minimis* recovery for them after balancing the expense and uncertainty of proceeding with this

action against Plaintiffs' most readily provable damages. Additionally, with aid of the undersigned, the parties negotiated and reached a separate, confidential settlement related to Plaintiffs' recoverable attorneys' fees and costs.  Thus, no issues remain for the Court's adjudication.

For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be, and hereby is, **APPROVED** as fair and reasonable, and Plaintiffs' Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party whishes this Court specifically to enforce the settlement agreement.

IT IS SO ORDERED this 12th day of September 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE